NO. 07-08-0114-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 6, 2009
_____

In the Matter of the Marriage of JANE Y. MEIWES
and STEPHEN E. MEIWES
_____

FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;

NO. A8424-0507; HON. ROBERT W. KINKAID, JR., PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Stephen E. Meiwes appeals from the entry of a protective order. He claims the entry of that order was in error because 1) the trial court should have granted his special appearance, quashed service, and delayed hearing the motion for such order, and 2) no notice was given that Cody Meiwes sought protection under the order though he was granted protection. We reform the order and affirm it.

*Issue 1 - Motion to Strike Service*

Through his first point, Meiwes effectively contends that the protective order is void since he was denied due process. He purportedly was denied due process because he was served with several citations which informed him of different hearing dates. We overrule the issue.

The record illustrates that the trial court initially scheduled December 13, 2007, as the date on which the motion would be heard. Later, that hearing was rescheduled for December 28, 2007, and, according to the sheriff's return, Meiwes received notice of that change via citation served on December 13, 2007. Thereafter, the hearing date was postponed to January 10, 2008. Citation containing notice of that change and the new date was served on him on December 27, 2007, according to the sheriff's return.

More importantly, Meiwes, through his counsel, sent the trial court's coordinator a letter dated December 26, 2007. Through it, he disclosed that on December 12, 2007 (the day before the first hearing date), he received a phone call from counsel for the movant who told him that 1) the December 13 hearing date would be passed, 2) though the hearing was rescheduled for December 28, the trial court would be unavailable, and 3) the ultimate hearing date would be January 10. He closed his missive to the coordinator by stating, "[i]f there [sic] a hearing on December 28, 2007 in the above case that Mr. Meiwes needs to attend, then please contact me immediately." He does not cite us to anything of record illustrating that after December 26, he believed the hearing was going to be held on some day other than January 10. Finally, Meiwes, through his attorney, appeared at the January 10 proceeding.

Per statute, a respondent to an application for a protective order is entitled to receive "service of notice of an application for protective order." TEX. FAM. CODE ANN. §82.043(a) (Vernon 2008). The notice of the application must "show the date, time, and place of hearing . . . ." *Id.* §82.041(a)(6). Given these statutes, the evidence that they were complied with, the truism that due process simply requires that notice be reasonably calculated to apprise interested parties of the pendency of the action and afford them the

2

opportunity to present their objections, *Ibrahim v. Young,* 253 S.W.3d 790, 805 (Tex. App.–Eastland 2008, pet. denied); *$24,156 in U.S. Currency v. State,* 247 S.W.3d 739, 744 (Tex. App.–Texarkana 2008, no pet.), the undisputed evidence that appellant knew of the January 10 hearing date by December 12, the undisputed evidence that Meiwes appeared at and participated in the January 10 hearing via his attorney, and his current failure to assert, much less illustrate, harm, we cannot but reject the complaint before us.

*Issue 2 - Inclusion of Cody Meiwes as a Protected Party*

As for his second complaint, Meiwes argues that the protective order improperly included his son (Cody Meiwes) as a protected party though Cody did not apply for protection.[1]  In response, appellee informed this court that ". . . although not void, [the order] should be modified to remove protection in favor of Cody Meiwes, a non-applicant and non-party to the proceedings."  Given the latter concession, we will reform the trial court's order to delete any reference to Cody Meiwes as a protected party.

The trial court's protective order is modified to remove allusion to Cody Meiwes from the scope of protection accorded by that order and is affirmed as modified.

Brian Quinn
Chief Justice

---

[1]Nothing indicates that Cody is a minor.